## STATE v. BRYANT STONE.

(Filed 17 May, 1933.)

**1. Homicide G a—**

Testimony tending to show that defendant shot and killed deceased, together with testimony of the dying declaration of the deceased identifying defendant as his assailant, and other evidence of identity, motive, etc., is held sufficient to have been submitted to the jury, and their verdict of guilty of first degree murder is upheld.

**2. Criminal Law L d—**

Where defendant does not object to the admission of certain evidence upon the trial he may not complain for the first time in the Supreme Court on appeal, and *held further* the evidence complained of was favorable to defendant.

APPEAL by defendant from *Cowper, Special Judge,* at August Term, 1932, of WILKES.

Criminal prosecution tried upon indictment charging the prisoner with the murder of one Wayne Norman.

Verdict: Guilty of murder in the first degree (as shown by return to writ of *certiorari*).

Judgment: Death by electrocution.

Defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*J. H. Whicker for defendant.*

STACY, C. J. The evidence on behalf of the State—there was none offered by the defendant—tends to show that on Sunday, 12 June, 1932, about the half hour of noon, the prisoner fired a shotgun through a crack in the smoke-house and mortally wounded his son-in-law who was sitting on the front porch of his dwelling-house. The deceased was carried to the hospital and died the next day. In a dying declaration he told his wife that Bryant Stone shot him. There was other evidence of identity, as well as of motive, including threats, tending to establish the guilt of the defendant. In no view of the case could the demurrer to the evidence have been sustained.

Dr. F. C. Hubbard, who attended the deceased in his last illness, was allowed to testify: "He told me he was sitting on the porch when he was shot. He didn't know who shot him. Said he believed Stone shot him." This evidence might well have been excluded. *S. v. Beal,* 199 N. C., 278, 154 S. E., 604. But as it was not objected to at the time, the defendant is in no position to complain for the first time in this Court. Furthermore, it was favorable to the defendant.

The record is free from reversible error. The verdict and judgment will be upheld.

No error.